United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NING BO FREE TRADE ZONE JIAYU CHUNHUA VENTURE INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP),

Plaintiff,

v.

YING WU, et al.,

Defendants.

Case No. 26-cv-06097-MMC

**ORDER DENYING MOTION TO REMAND; SETTING BRIEFING SCHEDULE ON MOTION TO DISMISS FOR FORUM NON CONVENIENS, ET AL.; STAYING BRIEFING ON MOTION TO DISMISS FOR FAILURE TO STATE CLAIM**

Before the Court is plaintiff Ning Bo Free Trade Zone Jiayu Chunhua Venture Investment Partnership's Motion, filed July 9, 2026, "to Remand Case to State Court." Defendant[1] Ying Wu has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

In its Complaint, filed in state court on February 19, 2026, plaintiff, "a limited partnership duly organized under the laws of People's Republic of China" (see Doc. No. 1-1 Ex. A-1 ¶ 1), alleges defendant Ying Wu, Chairman of the Board of Zhongjia Bochuang Information Technology Co., Ltd. ("Zhongjia Bochuang"), "a public company listed on the Shenzhen Stock Exchange" (see id. ¶¶ 10-11), made fraudulent and/or negligent representations to plaintiff, which representations allegedly induced plaintiff to

---

[1] Plaintiff also brings the instant action against a second defendant, Wenhong Wu. (See Doc. No. 1-1 Ex. A-1 ¶ 3.) According to defendant's Notice of Removal, Wenhong Wu "has not been served" and "has not appeared." (See Doc. No. 1 ¶ 15.)

[2] By order filed August 4, 2026, the Court took the matter under submission.

United States District Court
Northern District of California

agree to a merger between a company owned by plaintiff and Zhongjia Bochuang (see id. ¶¶ 37, 43).[3]

On June 18, 2026, defendant removed the above-titled action to federal district court, contending the agreements entered into between plaintiff and Zhongjia Bochuang to facilitate said merger "contained an arbitration clause" (see Doc. No. 1 ¶¶ 19-20, 23), and, consequently, according to defendant, federal courts have subject-matter jurisdiction pursuant to 9 U.S.C. § 205 as the lawsuit's "subject matter relates to arbitration agreements … falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958" (hereinafter, "the Convention") (see id. ¶ 1). By the instant motion, plaintiff challenges defendant's invocation of the Court's jurisdiction and seeks remand to state court.

The Convention "governs the enforcement of international arbitration agreements." See Am. Chung Nam, LLC v. Mitsui O.S.K. Lines, Ltd., 2023 WL 8845213, at *2 (C.D, Cal. Dec. 19, 2023). Pursuant to § 205 thereof, federal courts have jurisdiction over a case removed from state court "if (1) the agreement 'falls under' the Convention and (2) the subject matter of the state court proceeding 'relates to' the agreement." See id. at *4 (quoting 9 U.S.C. § 205).

As to the first element, "[a]n arbitration agreement … arising out of a legal relationship, whether contractual or not, which is considered as commercial … falls under the Convention," unless the relationship is "entirely between citizens of the United States" and lacks any "reasonable relation with one or more foreign states." See 9 U.S.C. § 202. Here, the arbitration clause falls under the Convention as it arises out of a legal commercial relationship not entirely between citizens of the United States, specifically,

---

[3] Based on the above allegations, plaintiff also brings a Cause of Action for "Constructive Trust." Constructive trust, however, "is not an independent cause of action but merely a type of remedy for some categories of underlying wrong." See Cline v. Reetz-Laiolo, 329 F. Supp. 3d 1000, 1025 (N.D. Cal. 2018) (quoting Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023 n.3 (2000)).

United States District Court
Northern District of California

the merger of two Chinese companies.

As to the second element, the subject matter of a state court proceeding "relates to" an arbitration clause "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case." See Infuturia Glob. Ltd. v. Sequus Pharms., Inc., 631 F.3d 1133, 1138 (9th Cir. 2011) (emphasis in original) (quoting Beiser v. Weyler, 284 F.3d 665, 669 (5th Cir. 2002)). Consequently, federal courts "will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense[,] [a]s long as the defendant's assertion is not completely absurd or impossible." See id. (quoting Beiser, 284 F.3d at 669).

In the instant action, an arbitration clause is contained in each of two agreements defendant allegedly induced plaintiff to sign, and it is conceivable defendant will, in challenging the claims against him, succeed on his pending motion to compel arbitration. Although plaintiff contends jurisdiction nonetheless is lacking, those arguments are, as set forth below, not persuasive.

First, plaintiff contends defendant cannot invoke the arbitration clause because he is not a signatory to either agreement, and, according to plaintiff, does not fall within the category of non-signatories who are entitled to do so, plaintiff's theory of liability being predicated on defendant's "personal torts," constituting "*pre-contract* fraud to induce a transaction." (See Pl.'s Reply Brief at 6:11, 6:28 (emphasis in original).)

Agents of a signatory, however, can compel the other signatory to arbitrate where, as here, "(1) the wrongful acts of the agents for which they are sued relate to their behavior as agents or in their capacities as agents[,] and (2) the claims against the agents arise out of or relate to the contract containing the arbitration clause." See Amisil Holdings Ltd. v. Clarium Cap. Mgmt., 622 F. Supp. 2d 825, 832, 838-839 (N.D. Cal. 2007) (internal citations omitted) (granting motion to compel arbitration filed by non-signatory agents of signatory company; noting agents "were in the position to commit the alleged fraud *because* of their positions in [the company] and the[ir] wrongful acts were

United States District Court
Northern District of California

*related* to their behavior as agents" (emphasis in original)).

Second, to the extent plaintiff, citing 9 U.S.C. § 205, contends the Notice of Removal does not sufficiently encompass defendant's asserted grounds for removal (see Pl.'s Reply Brief at 2:13-14, 3:9-11), the record is to the contrary (see Doc. No. 1 ¶ 1 (stating "[t]his action is removable under [§] 205 … because its subject matter relates to arbitration agreements"); id. ¶ 4 (stating "the agreements … contained arbitration clauses"); id. ¶ 39 (stating "[a] defendant need not be a party to the arbitration agreement … to remove under § 205"); id. ¶ 44 (stating defendant reserves "the right to move … to compel arbitration")).

Accordingly, plaintiff's motion to remand is hereby DENIED.

In light thereof, plaintiff's opposition to defendant's "Motion to Dismiss for Forum Non Conveniens, for Lack of Personal Jurisdiction, or to Compel Arbitration" (see Doc. No. 7), shall be filed no later than September 18, 2026, and defendant's reply shall be filed no later than thirty days after plaintiff files its opposition (see Doc. No. 11 at 4:5-13). In the interest of judicial economy, further briefing on defendant's "Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), 9(b)" is hereby STAYED and will be set, if appropriate, after resolution of defendant's earlier-filed motion.

**IT IS SO ORDERED.**

Dated: August 19, 2026

MAXINE M. CHESNEY
United States District Judge