United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NING BO FREE TRADE ZONE JIAYU CHUNHUA VENTURE INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP),

Plaintiff,

v.

YING WU, et al.,

Defendants.

Case No. 26-cv-06097-MMC

**ORDER GRANTING MOTION TO DISMISS**

Before the Court is Defendant Ying Wu's ("Wu") "Motion to Dismiss for Forum Non Conveniens, for Lack of Personal Jurisdiction, or to Compel Arbitration," filed on June 25, 2026. Plaintiff Ning Bo Free Trade Zone Jiayu Chunhua Venture Investment Partnership has filed opposition, to which Wu has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

At the outset, the Court addresses whether it has personal jurisdiction over defendant. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant," which requires the plaintiff to make "a prima facie showing of jurisdictional facts to withstand the motion." See Martensen v. Koch, 942 F. Supp. 2d 983, 991 (N.D. Cal. 2013) (internal quotation and citation omitted). "[F]or the purpose of this demonstration, the court resolves all disputed facts in favor of the plaintiff." See id.

[1] In its prior order denying plaintiff's motion to remand, the Court set forth the factual background underlying the instant action (see Doc. No. 19), with which the Court assumes the parties are familiar.

United States District Court
Northern District of California

(internal quotation and citation omitted).

"[T]he overarching test for personal jurisdiction is that maintenance of the suit does not offend traditional notions of fair play and substantial justice," a test that "recognizes two categories of personal jurisdiction": "[g]eneral" and "[s]pecific." See Shenzhen Zehuijin Inv. Ctr, Ltd. P'ship v. Yingkui, 185 F.4th 866, 870 (9th Cir. 2026) (internal quotation and citation omitted). "General (all-purpose) jurisdiction permits a state court to hear any and all claims against a defendant, even claims unrelated to the defendant's contacts with the forum state," while "[s]pecific jurisdiction, in contrast, permits a state court to hear only those lawsuits based on a defendant's case-related contacts with the forum state." Id. at 870-71. Because the instant action involves claims that "do not relate to [Wu's] contacts with California, general jurisdiction is the only potential basis for personal jurisdiction in this case." See id. at 871.

"General jurisdiction may exist based on consent, domicile, or presence." See Shenzhen Zehuijin Inv. Ctr, Ltd. P'ship, 185 F.4th at 871. In the instant action, domicile is invoked as the sole basis for personal jurisdiction.

"[D]omicile is established by physical presence in a place in connection with a certain state of mind," see Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989), namely, "an intention to remain there indefinitely," see Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). In support of the instant motion, Wu has submitted a declaration in which he states he "do[es] not live in California," is "a Chinese citizen[,] and primarily live[s] in China." (See Declaration of Ying Wu ¶ 17.) He further states that he "own[s] a single piece of real estate in California," specifically, a "summer house/investment property," that he is "only in California for a few months a year to stay at [said] summer house," that this year he has "spent two months in California," that he "is currently in China," and that his "present plan is to go back to the U.S. for maybe one more month this year." (See id. ¶¶ 18, 19.)

In response, plaintiff points to a state court complaint filed by Wu in 2025 in an

United States District Court
Northern District of California

unrelated action (see Pl.'s Req. for Judicial Notice Ex. A),[2] in which Wu alleged he "is a resident of California and conducts business in California" (see id. ¶ 5).[3] Plaintiff's reliance thereon is, however, unavailing. "A person can have several residences concurrently; but because of the intent requirement, only one domicile at a time." See Stevenson & Fitzgerald, Practice Guide: Federal Civil Procedure Before Trial, § 3:60(1) (Cal. & 9th Cir. ed. 2026); see also Miss. Band of Choctaw Indians, 490 U.S. at 48 (holding "one can reside in one place but be domiciled in another"). Here, plaintiff has not made the requisite "prima facie showing of jurisdictional facts," see Martensen, 942 F. Supp. 2d at 991 (internal quotation and citation omitted), namely, Wu's intent to "remain [in California] indefinitely," see Lew, 797 F.2d at 750.[4]

Accordingly, Ying Wu's motion to dismiss for lack of personal jurisdiction is hereby GRANTED and the all claims against said defendant are hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: October 21, 2026

MAXINE M. CHESNEY
United States District Judge

[2] Plaintiff's unopposed request that the Court take judicial notice of said exhibit is hereby GRANTED. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (holding courts "may take notice of proceedings in other courts, both within and without the federal judicial system" (internal quotation and citation omitted)).

[3] In support of his Reply, Wu has submitted a Supplemental Declaration in which he explains he "understood that statement to mean that [he] owned a summer house in California and stayed there for part of each year." (See Supplemental Declaration of Ying Wu ¶ 6.) To the extent Wu adds additional facts therein, the Court has not considered said filing as Wu has not explained why such information could not have been presented with his initial moving papers. See Semper/exeter Paper Co. LLC v. Henderson Specialty Paper LLC, 2009 WL 10670619, at *2 (C.D. Cal. Sept. 21, 2009) (holding "[a] district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief"; collecting cases).

[4] In light of said finding, the Court does not address herein Wu's additional arguments in support of dismissal.